UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MARIE E. MINICHINO,  No. 10-13020

Debtor(s).
_____/

Memorandum After Review of Fees
_____

Debtor Marie Minichino filed a Chapter 13 petition on August 6, 2010, representing herself. She retained attorney Thomas P. Kelly III about two weeks later to assist her in the case, paying him a retainer of $5,000.00. Kelly obtained an extension of time to file the required schedules and statement of affairs, filing them on September 4, 2010.

The schedules showed that Minichino was not eligible for Chapter 13. She owned seven real properties, stretching from Hawaii to Connecticut. Her secured debt exceeded $3 million, and her unsecured debt was almost $1 million. These are far higher than the debt limits for Chapter 13 set forth in § 109(e) of the Bankruptcy Code.

Realizing that dismissal for lack of eligibility was impending, Minichino discussed converting the case to Chapter 11. Kelly required an additional $10,000.00 from her to represent her in a Chapter 11. Minichino paid him $4,111.00 of that, which Kelly placed in his trust account.

The Chapter 13 case was subsequently dismissed for lack of eligibility. Minichino complained to the court about Kelly's fees and his failure to return the $4,1110.00 to her. The court ordered Kelly

to justify his fees.

After a full review, the court find that Kelly has done nothing improper and that all fees were earned. While $5,000.00 is a high fee for a normal Chapter 13 where there was no confirmed plan, this was not a normal Chapter 13. Minichino's affairs were much more complex, and as far as the court can see Kelly did a fine job of setting them forth in the schedules and statement of affairs. Had Minichino found another attorney and converted her case to Chapter 11, the schedules and statement of affairs would have served as the foundation for reorganization and Kelly's services would have easily saved Minichino $5,000.00 she would have otherwise had to pay the Chapter 11 attorney.

The court further finds no misconduct regarding return of the $4,111.00. Minichino had paid these fees by check, and Kelly had properly deposited them into his trust account. He was required to make sure Minichino's checks cleared before returning the funds or forwarding them on to new counsel. Had he done otherwise, he would be risking being out of trust.

For the foregoing reasons, the court finds that Kelly has acted properly and is entitled to keep all of the $5,000.00 paid to him for services in the Chapter 13 case. Kelly shall submit an appropriate form of order.

Dated: December 15, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

2